**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **DAVID JOHN CANNON,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| **vs.** | ) | **CIVIL ACTION NO. 06-0141-CG** |
| | ) | **CRIMINAL NO. 02- 0088-CG** |
| **UNITED STATES,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## ORDER

This matter is before the court on the motion of petitioner, David John Cannon, to modify sentence pursuant to 18 U.S.C. § 3582 or, alternatively, 28 U.S.C. § 2255 (Docs. 62, 64), and the response thereto of the United States (Doc. 117). For the reasons stated below, the court finds that petitioner's motion to modify sentence is due to be **DENIED**.

## BACKGROUND

Petitioner was tried and found guilty of kidnaping that resulted in death, in violation of 18 U.S.C. § 1201(a)(1). On March 25, 2003, petitioner was sentenced to a term of life imprisonment. (Doc. 47). Judgment was entered on March 26, 2003. (Doc. 47).

Petitioner appealed his conviction, challenging the district court's denial of a motion to suppress. The Eleventh Circuit affirmed the district court's decision, issuing its mandate on August 25, 2004. (Doc. 60).

Petitioner filed a petition for writ of certiorari with the Supreme Court of the United States on November 19, 2004, which was denied on January 10, 2005. Cannon v. United States, No. 04-7299, 543 U.S. 1073 (2005).

1

## DISCUSSION

Petitioner seeks a modification of his sentence under either 18 U.S.C. § 3582 or, alternatively, 28 U.S.C. § 2255 on the basis of  United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).   The United States asserts that Booker is not retroactively applicable to cases on collateral review under either statute.

The Booker opinion  was issued on January 12, 2005.   Petitioner's conviction became final when the Supreme Court denied his petition for certiorari on January 10, 2005, two days before the decision in Booker.  Clay v. United States, 537 U.S. 522, 527 (2003) ("Finality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires.").  Booker has not been made retroactively applicable to cases on collateral review. Varela v. United States, 400 F.3d 864, 868 (11th Cir.2005).   Booker is also not a proper basis for § 3582(c)(2)[1] relief because Booker did not amend the guidelines.  "[A] sentencing adjustment undertaken pursuant to Section 3582(c)(2) does not constitute a de novo resentencing." United States v. Bravo, 203 F.3d 778, 781 (11th Cir.), cert denied, 531 U.S. 994 (2000).  "[A]ll original sentencing determinations remain unchanged with the sole exception of the guideline range that has been amended since the original sentencing." Id.   Plaintiff's sentence became final prior to the Booker decision and therefore any argument dependent upon Booker is without merit.

The court further finds that no hearing is necessary in this case because petitioner's

---

[1] Subsection (c)(2) is the subsection under which petitioner presumably seeks modification of his sentencing.  Section 3582(c)(2) allows a court to reduce a sentence where a sentencing range was subsequently lowered by the Sentencing Commission.  18 U.S.C. § 3582(c)(2).

allegations, if proved, would not establish the right to relief. See <u>Futch v. Dugger</u>, 874 F.2d 1483, 1485 (11th Cir. 1989) ( "habeas corpus petitioner is entitled to an evidentiary hearing if he alleges facts which, if proven, would entitle him to relief" and "only if there are material facts that were not adequately developed either in the federal district court or in the state habeas corpus proceedings" citations omitted).  Where a petitioner seeks relief as a matter of law, there is no need for an evidentiary hearing. See <u>Holmes v. United States</u>, 876 F.2d 1545 (11th Cir. 1989) (hearing not required on patently frivolous claims).

<b><u>CONCLUSION</u></b>

For the reasons stated above, the motion of petitioner, David John Cannon, to modify sentence pursuant to 18 U.S.C. § 3582 or, alternatively, 28 U.S.C. § 2255 (Docs. 62, 64) is hereby **DENIED**.

**DONE and ORDERED** this 30th day of January, 2007.

/s/  Callie V. S. Granade
CHIEF UNITED STATES DISTRICT JUDGE